UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRESTON CASSADA,

    Petitioner,

v.                                                            Case No. 8:07-cv-1068-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
                                                             /

## **O R D E R**

Cassada petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his conviction for attempted first degree murder for which conviction Cassada serves life imprisonment. Numerous exhibits ("Respondent's Exhibit __") support the response (Doc. 14). The respondent offers no challenge to the petition's timeliness. The only claim asserted in the petition is a claim of ineffective assistance of counsel.

## **FACTS**[1]

Cassada and the victim were co-workers at Watkins Motor Lines. Cassada claimed that he was "fed-up" with the victim's abuse and on June 27, 2001, without provocation, Cassada shot the victim in the left side of the chest while at work. The victim fled, but Cassada pursued and shot the victim two more times. The incident was witnessed by many co-workers. After the shooting a co-worker asked Cassada if the

---

[1] This summary of the facts derives from Cassada's brief on direct appeal (Respondent's Exhibit 1).

victim was dead and Cassada replied, "I hope so." The victim survived even though shot in the left lung near his heart.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of

materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

The state appellate court affirmed (Respondent's Exhibit 4) Cassada's conviction and sentence on direct appeal in a per curiam decision without a written opinion, and likewise affirmed (Respondent's Exhibit 20) the denial of his subsequent Rule 3.850 motion to vacate. The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Cassada bears the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to a finding of fact, not a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). Consequently, this court must defer to the finding of fact

in the state court's rejection of Cassada's post-conviction claims (Order on Defendant's Amended Motion for Post-Conviction Relief, Respondent's Exhibit 15).

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

Cassada claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

- 4 -

judgment." Strickland v. Washington, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690.

Cassada must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland v. Washington, 466 U.S. at 691-92. To meet this burden, Cassada must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington, 466 U.S. at 690-91. Cassada cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

- 5 -

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)). See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Cassada must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Cassada alleges that trial counsel rendered ineffective assistance by failing to adequately advice him that he faced a twenty-five year minimum mandatory sentence. Cassada alleges that had he understood he faced a twenty-five year minimum mandatory, he would have accepted the state's offer for a ten year sentence. The state court summarily denied this claim.

> As to Claim 2, the State argued that the record conclusively refutes the Defendant's allegation. Specifically, the Information . . . states in capital letters the "mandatory 25 years to life" potential sentence applicable in this case. As such, the Defendant was placed on clear notice of the potential sentence he faced upon conviction as charged.

Respondent's Exhibit 15 at 222. Although this claim was not the subject of an evidentiary hearing, the transcript of the evidentiary hearing on a different claim refutes Cassada's allegation that the state offered a ten year sentence. According to trial

counsel, the only offer from the state was for the twenty-five year minimum mandatory sentence, an offer Cassada found unacceptable especially because of his advanced age. Respondent's Exhibit 16 at 244 and 249.

Although the state court's order omits citing Strickland as the standard for ineffective assistance of counsel, no explicit citation is required. A state court need not cite Supreme Court precedent (or even be aware of it) if the decision is consistent with the precedent. Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y of Dep't of Corr., 331 F.3d 764, 775-86 (11th Cir. 2003). In Florida, Strickland governs ineffective assistance of counsel claims. Walls v. State, 926 So.2d 1156 (Fla. 2006). As discussed above, Strickland requires a showing of both deficient performance and prejudice. Cassada proves neither because the state never offered a ten year sentence. Consequently, the state court's decision was neither contrary to nor an unreasonable application of test established in Strickland.

Accordingly, Cassada's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Cassada and close this case.

ORDERED in Tampa, Florida, on July 31, 2009.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE